Honorable Ronald B. Leighton

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JACOB BEATY and JESSICA BEATY on
behalf of themselves and all others similarly
situated,

　　　　　　　　　　Plaintiffs,

v.

FORD MOTOR COMPANY,

　　　　　　　　　　Defendant.

NO.  3:17-cv-05201-RBL

FORD MOTOR COMPANY'S ANSWER
AND AFFIRMATIVE DEFENSES

JURY DEMANDED

## ANSWER AND AFFIRMATIVE DEFENSES

　　　Defendant Ford Motor Company ("Ford") files this Answer and Affirmative Defenses to
Plaintiffs' Jacob and Jessica Beaty (collectively "Plaintiffs") Class Action Complaint (the
"Complaint").[1]

---

[1] On January 16, 2018, the Court granted in part and denied in part Ford's Motion to Dismiss, dismissing Plaintiffs'
express and implied breach of warranty claims with leave to amend.  (Dkt. 46).  On January 19, 2018, to allow
Plaintiffs' additional time to amend their Complaint, the Court granted the parties' stipulation to set February 19, 2018
as the deadline to file motions to add parties or amend pleadings.  (Dkt. 48).  Plaintiffs did not file any motion to add
parties or amend their pleadings on February 19, 2018, so Ford is now timely filing its Answer.

FORD MOTOR COMPANY'S ANSWER AND AFFIRMATIVE
DEFENSES (No. 3:17-cv-05201-RBL)- 1

LAW OFFICES OF
MILLS MEYERS SWARTLING P.S.
1000 SECOND AVENUE, 30TH FLOOR
SEATTLE, WASHINGTON 98104-1064
TELEPHONE (206) 382-1000
FACSIMILE (206) 386-7343

## I.      INTRODUCTION[2]

To the extent that any response is required, Ford denies the statements and characterizations contained in the Introduction to Plaintiffs' Complaint.

## II.      SUMMARY OF THE CASE

### 1.

Ford admits that some automobile sunroofs span a portion of the roof of the vehicle over the driver and front passenger seats.  To the extent a response is deemed required, Ford denies any remaining allegations contained in Paragraph 1 of the Complaint.

### 2.

Ford admits that some automobile sunroofs span a portion of the roof of the vehicle that goes beyond the driver and front passenger seats.  Ford admits that certain types of sunroofs may sometimes be referred to by various terms such as "panoramic," "panoramic sunroofs," "panoramic vista roofs," "dual panel moonroofs," or "power moonroofs."  To the extent a response is deemed required, Ford denies any remaining allegations contained in Paragraph 2 of the Complaint.

### 3.

Ford admits that some customers like sunroofs of various sizes and pay a premium for sunroofs.  Ford admits that automotive design entails precision.  To the extent a response is deemed required, Ford denies any remaining allegations contained in Paragraph 3 of the Complaint.

---

[2] This heading and all other headings through "Prayer for Relief" correspond to the headings in Plaintiffs' Complaint. Plaintiffs' Complaint also contains sub-headings, which contain Plaintiffs' characterization of and commentary on the allegations in the Complaint. To the extent a response is deemed required to these sub-headings, Ford denies them.

FORD MOTOR COMPANY'S ANSWER AND AFFIRMATIVE
DEFENSES (No. 3:17-cv-05201-RBL)- 2

LAW OFFICES OF
MILLS  MEYERS  SWARTLING P.S.
1000 SECOND AVENUE, 30TH FLOOR
SEATTLE, WASHINGTON 98104-1064
TELEPHONE (206) 382-1000
FACSIMILE (206) 386-7343

1                                          4.

2       Ford denies the allegations in Paragraph 4.

3                                          5.

4       Ford lacks sufficient information to form an opinion as to the truth of the allegations in

5       Paragraph 5, which therefore stand denied.

6                                          6.

7       Ford states that the information contained in the NHTSA database speaks for itself.  To the

8       extent a response is deemed required, Ford denies any remaining allegations contained in

9       Paragraph 6 of the Complaint.

10                                         7.

11      Ford denies the allegations in Paragraph 7.

12                                         8.

13      Ford denies the allegations in Paragraph 8.

14                                         9.

15      Ford states that Exhibit 3 speaks for itself, but the correct EA is EA14-002.  Ford lacks

16      information as to whether and how its response may be posted on NHSTA's website.  To the extent

17      a response is deemed required, Ford denies any remaining allegations contained in Paragraph 9 of

18      the Complaint.

19                                         10.

20      Ford denies that a defect exists or that a warning was necessary.  To the extent any

21      additional response is deemed required, Ford denies any remaining allegations contained in

22      Paragraph 10.

23

24      FORD MOTOR COMPANY'S ANSWER AND AFFIRMATIVE
        DEFENSES (No. 3:17-cv-05201-RBL)- 3

25

26

LAW OFFICES OF
MILLS MEYERS SWARTLING P.S.
1000 SECOND AVENUE, 30TH FLOOR
SEATTLE, WASHINGTON 98104-1064
TELEPHONE (206) 382-1000
FACSIMILE (206) 386-7343

11.

Ford states that Plaintiffs' Complaint speaks for itself.  To the extent a response is deemed required, Ford denies any remaining allegations contained in Paragraph 11 of the Complaint.

### III.   PARTIES

12.

Ford lacks sufficient information to form an opinion as to the truth of the allegations in Paragraph 12, which therefore stand denied.

13.

Ford admits the allegations in Paragraph 13.

14.

Ford admits that it designs (in part), manufactures (in part), markets, distributes, and sells vehicles in the United States.  Ford denies that it does all of those things for all Ford vehicles in the State of Washington.  Beyond this, the Complaint lacks specificity, and thus Ford lacks knowledge or information sufficient to form a belief about the truth of the allegations, which are thus denied.

### IV.   JURISDICTION AND VENUE

15.

Paragraph 15 states legal conclusions, to which no response is required.  To the extent a response is deemed required, Ford states that it does not challenge this Court's subject matter jurisdiction.

16.

Paragraph 16 states legal conclusions, to which no response is required.  To the extent a response is deemed required, Ford states that it does not challenge personal jurisdiction.

FORD MOTOR COMPANY'S ANSWER AND AFFIRMATIVE
DEFENSES (No. 3:17-cv-05201-RBL)- 4

LAW OFFICES OF
MILLS  MEYERS  SWARTLING P.S.
1000 SECOND AVENUE, 30TH FLOOR
SEATTLE, WASHINGTON 98104-1064
TELEPHONE (206) 382-1000
FACSIMILE (206) 386-7343

17.

Paragraph 17 states legal conclusions, to which no response is required. To the extent a response is deemed required, Ford states that it does not challenge that venue over Plaintiffs' claims is proper in this Court.

## V.    SUBSTANTIVE ALLEGATIONS

18.

Ford admits that it designs (in part), manufactures (in part), markets, and distributes automobiles in the United States under the Ford, Lincoln, and Mercury brand names. The remainder of Paragraph 18 is Plaintiffs' articulation of their proposed class definition, to which no response is required. To the extent a response is deemed required, Ford denies any remaining allegations contained in Paragraph 18 of the Complaint.

19.

Paragraph 19 consists of Plaintiffs' articulation of their proposed class definition, to which no response is required. To the extent a response is deemed required, Ford denies the allegations contained in Paragraph 19 of the Complaint.

20.

Ford admits that it offers an optional upgrade of a factory-installed sunroof in certain vehicles. Ford denies the remaining allegations contained in Paragraph 20 of the Complaint.

21.

Ford admits that it offers an optional upgrade of a factory-installed sunroof in certain vehicles. Ford admits that the image included in Paragraph 21 is a true and accurate representation of an excerpt from a past Ford advertisement and that it speaks for itself. To the extent a response is deemed required, Ford denies the remaining allegations contained in Paragraph 21 of the

FORD MOTOR COMPANY'S ANSWER AND AFFIRMATIVE
DEFENSES (No. 3:17-cv-05201-RBL)- 5

LAW OFFICES OF
MILLS MEYERS SWARTLING P.S.
1000 SECOND AVENUE, 30TH FLOOR
SEATTLE, WASHINGTON 98104-1064
TELEPHONE (206) 382-1000
FACSIMILE (206) 386-7343

1    Complaint.

2                                    22.

3         Ford states that the image included in Paragraph 22 is a true and accurate representation of

4    a portion of what is depicted on one page of the Ford brochure for the 2013 Ford Escape and that

5    the brochure speaks for itself.  To the extent a response is deemed required, Ford denies any

6    remaining allegations contained in Paragraph 22 of the Complaint.

7                                    23.

8         Ford admits that certain sunroofs are made of tempered glass and certain sunroofs are made

9    of laminated glass.  Ford admits that sunroofs may attach to tracks which are set within a frame

10   attached to the vehicle.  Ford admits that certain sunroofs, including certain sunroofs offered by

11   Ford, are fit with a retractable sunshade.  Ford admits that the photographs shown in Paragraph 23

12   are examples of sunroofs.  To the extent a response is deemed required, Ford denies any remaining

13   allegations contained in Paragraph 23 of the Complaint.

14                                   24.

15        Ford denies the allegations in Paragraph 24 of the Complaint.

16                                   25.

17        Ford is aware that manufacturers around the world have used and continue to use both

18   laminated glass and tempered glass in various sunroof constructions.  Ford admits that it has used

19   and continues to use both laminated glass and tempered glass in sunroof constructions.  Ford

20   admits that some automotive glass it and others use comes with a ceramic band around its

21   perimeter.  Beyond this, the Complaint lacks specificity, and thus Ford lacks knowledge or

22   information sufficient to form a belief about the truth of the remaining allegations in Paragraph

23   25, which are thus denied.

24   FORD MOTOR COMPANY'S ANSWER AND AFFIRMATIVE
     DEFENSES (No. 3:17-cv-05201-RBL)- 6

LAW OFFICES OF
MILLS  MEYERS  SWARTLING P.S.
1000 SECOND AVENUE, 30TH FLOOR
SEATTLE, WASHINGTON  98104-1064
TELEPHONE (206) 382-1000
FACSIMILE (206) 386-7343

25

26

26.

Ford denies the allegations in Paragraph 26 of the Complaint.

27.

Ford denies the allegations in Paragraph 27 of the Complaint.

28.

Ford denies the allegations in Paragraph 28 of the Complaint.

29.

Ford denies the allegations in Paragraph 29 of the Complaint.

30.

Ford denies the allegations in Paragraph 30 of the Complaint.

31.

Ford states that the KATRI study speaks for itself.  To the extent a response is deemed required, Ford denies any remaining allegations contained in Paragraph 31 of the Complaint.

32.

Ford states that the UN Working Group's findings speak for themselves.  To the extent a response is deemed required, Ford denies any remaining allegations contained in Paragraph 32 of the Complaint.

33.

Ford admits that it fastens the sunroof in a manner that reduces road and wind noise, makes the sunroof less susceptible to rainwater incursion, and meets regulatory and industry standards. Ford is generally familiar that some other manufacturers fasten sunroofs to vehicles by means similar to those Ford uses, but Ford lacks sufficient information to form an opinion as to the truth of any specific allegations regarding other automotive manufacturers in Paragraph 33, which

FORD MOTOR COMPANY'S ANSWER AND AFFIRMATIVE
DEFENSES (No. 3:17-cv-05201-RBL)- 7

LAW OFFICES OF
MILLS MEYERS SWARTLING P.S.
1000 SECOND AVENUE, 30TH FLOOR
SEATTLE, WASHINGTON 98104-1064
TELEPHONE (206) 382-1000
FACSIMILE (206) 386-7343

therefore stand denied.  Ford denies the remaining allegations in Paragraph 33 of the Complaint.

34.

Ford states that the information contained in the NHTSA database speaks for itself.  Ford denies that the excerpts contained in Paragraph 34 accurately reflect the alleged complaints as filed with NHTSA.  To the extent a response is deemed required, Ford denies any remaining allegations contained in Paragraph 34 of the Complaint.

35.

Ford denies the allegations in Paragraph 35 of the Complaint.

36.

Ford admits that it reviews information available from NHTSA.  To the extent a response is deemed required, Ford denies any remaining allegations contained in Paragraph 36 of the Complaint.

37.

Ford states that the Wards Auto article speaks for itself.  To the extent a response is deemed required, Ford denies any remaining allegations contained in Paragraph 37 of the Complaint.

38.

Ford states that the Wall Street Journal article speaks for itself.  To the extent a response is deemed required, Ford denies any remaining allegations contained in Paragraph 38 of the Complaint.

39.

Ford admits that NHTSA opened an investigation (EA14-002) of purported spontaneous sunroof shattering in model year 2011-2013 Kia Sorento vehicles.  Ford further admits that as part of that investigation, NHTSA requested information concerning certain Ford vehicles equipped

FORD MOTOR COMPANY'S ANSWER AND AFFIRMATIVE
DEFENSES (No. 3:17-cv-05201-RBL)- 8

LAW OFFICES OF
MILLS  MEYERS  SWARTLING P.S.
1000 SECOND AVENUE, 30TH FLOOR
SEATTLE, WASHINGTON  98104-1064
TELEPHONE (206) 382-1000
FACSIMILE (206) 386-7343

1   with sunroofs for a comparative assessment.  To the extent a response is deemed required, Ford

2   denies any remaining allegations contained in Paragraph 39 of the Complaint.

3                                                    40.

4          Ford states that the NHTSA letter speaks for itself.  To the extent a response is deemed

5   required, Ford denies any remaining allegations contained in Paragraph 40 of the Complaint.

6                                                    41.

7          Ford admits that it responded to NHTSA's request for information on August 22, 2014 and

8   September 2, 2014.  Ford admits that it stated that "Ford records indicate that the approximate total

9   number of subject peer vehicles . . . sold in the United States . . . and its protectorates and territories

10  . . . is 563,000."  Ford admits that, as noted in its NHTSA response, it "made every effort to provide

11  thorough and accurate information" pursuant to a "diligent search for the information requested."

12  Ford states that its NHTSA responses otherwise speak for themselves.

13                                                   42.

14         Ford admits that it responded to NHTSA's request for information on August 22, 2014 and

15  September 2, 2014.  Ford admits that it stated that it provided a chart indicating that: (a) the 2011-

16  2014 Ford Explorer front and rear glass panel is supplied by Inalfa Roof Systems; (b) the 2011-

17  2014 Ford Edge front and rear glass panel is supplied by Webasto Roof Systems; and (c) the 2013-

18  2014 Ford Escape front and rear glass panel is supplied by Inalfa Roof Systems.  Ford admits that,

19  as noted in its NHTSA response, it "made every effort to provide thorough and accurate

20  information" pursuant to a "diligent search for the information requested."  Ford states that its

21  NHTSA responses otherwise speak for themselves.

22

23

24  FORD MOTOR COMPANY'S ANSWER AND AFFIRMATIVE
    DEFENSES (No. 3:17-cv-05201-RBL)- 9

LAW OFFICES OF
MILLS MEYERS SWARTLING P.S.
1000 SECOND AVENUE, 30TH FLOOR
SEATTLE, WASHINGTON 98104-1064
TELEPHONE (206) 382-1000
FACSIMILE (206) 386-7743

25

26

43.

Ford admits that it responded to NHTSA's request for information on August 22, 2014 and September 2, 2014.  Ford admits that for purposes of identifying reports of incidents that may be related to NHTSA's request, it gathered "owner reports" and "field reports" maintained by Ford Customer Service Division and claim and lawsuit information maintained by Ford's Office of the General Counsel.  Ford admits that included within those sources of information are its FMC360 system, Ford's Common Quality Indicator System, Ford's Analytical Warranty System, and claim and lawsuit information.  Ford admits that it accurately described these sources of information in Appendix B to its NHTSA response.  Ford admits that, as noted in its NHTSA response, it "made every effort to provide thorough and accurate information" pursuant to a "diligent search for the information requested."  Ford states that its NHTSA responses otherwise speak for themselves.

44.

Ford admits that it responded to NHTSA's request for information on August 22, 2014 and September 2, 2014.  Ford admits that it provided information regarding the number of incidents that may be related to NHTSA's request for information for Ford Explorer, Edge, and Escape vehicles.  Ford admits that, as noted in its NHTSA response, it "made every effort to provide thorough and accurate information" pursuant to a "diligent search for the information requested." Ford states that its NHTSA responses otherwise speak for themselves.

45.

Ford admits that it tracks and/or compiles information from drivers, dealerships, complaints, warranty claims, replacement part data, dealings with insurance carriers, and other aggregated sources.  Ford denies the remaining allegations contained in Paragraph 45 of the Complaint.

FORD MOTOR COMPANY'S ANSWER AND AFFIRMATIVE
DEFENSES (No. 3:17-cv-05201-RBL)- 10

LAW OFFICES OF
MILLS MEYERS SWARTLING P.S.
1000 SECOND AVENUE, 30TH FLOOR
SEATTLE, WASHINGTON 98104-1064
TELEPHONE (206) 382-1000
FACSIMILE (206) 386-7343

46.

Ford states that the NHTSA request for information speaks for itself, but the correct EA is EA14-002.  To the extent a response is deemed required, Ford denies any remaining allegations contained in Paragraph 46 of the Complaint.

47.

Ford responded to NHTSA's April 14, 2016 second request for information.  Ford lacks information as to whether and how its response may be posted on NHSTA's website.

48.

Ford denies the allegations in Paragraph 48 of the Complaint.

49.

Ford states that the June 30, 2014 letter speaks for itself.  To the extent a response is deemed required, Ford denies any remaining allegations contained in Paragraph 49 of the Complaint.

50.

Ford states that the 2015-2016 Sustainability Report speaks for itself.  To the extent a response is deemed required, Ford denies any remaining allegations contained in Paragraph 50 of the Complaint.

51.

Ford states that the 2015-2016 Sustainability Report speaks for itself.  To the extent a response is deemed required, Ford denies any remaining allegations contained in Paragraph 51 of the Complaint.

52.

Ford states that the information contained in the NHTSA database speaks for itself.  Ford denies that the excerpts contained in Paragraph 52 accurately reflect the alleged complaints as filed

FORD MOTOR COMPANY'S ANSWER AND AFFIRMATIVE
DEFENSES (No. 3:17-cv-05201-RBL)- 11

LAW OFFICES OF
MILLS MEYERS SWARTLING P.S.
1000 SECOND AVENUE, 30TH FLOOR
SEATTLE, WASHINGTON 98104-1064
TELEPHONE (206) 382-1000
FACSIMILE (206) 386-7343

with NHTSA.  To the extent a response is deemed required, Ford denies any remaining allegations contained in Paragraph 52 of the Complaint.

53.

Ford denies the allegations in Paragraph 53 of the Complaint.

54.

Ford denies the allegations in Paragraph 54 of the Complaint.

55.

Ford lacks sufficient information to form an opinion as to the truth of the allegations in Paragraph 55, which therefore stand denied.  To the extent a response is deemed required, Ford denies any remaining allegations contained in Paragraph 55 of the Complaint.

56.

Ford lacks sufficient information to form an opinion as to the truth of the allegations in Paragraph 56, which therefore stand denied.  To the extent a response is deemed required, Ford denies any remaining allegations contained in Paragraph 56 of the Complaint.

57.

NHTSA's comments speak for themselves.  Ford lacks sufficient information to form an opinion as to the truth of allegations concerning Audi.  To the extent a response is deemed required, Ford denies any remaining allegations contained in Paragraph 57 of the Complaint.

58.

KATRI's comments speak for themselves.  To the extent a response is deemed required, Ford denies any remaining allegations contained in Paragraph 58 of the Complaint.

FORD MOTOR COMPANY'S ANSWER AND AFFIRMATIVE
DEFENSES (No. 3:17-cv-05201-RBL)- 12

LAW OFFICES OF
MILLS  MEYERS  SWARTLING P.S.
1000 SECOND AVENUE, 30TH FLOOR
SEATTLE, WASHINGTON  98104-1064
TELEPHONE (206) 382-1000
FACSIMILE (206) 386-7343

59.

Ford admits that KATRI conducted an investigation relating to shattering in sunroofs.  Ford admits that KATRI announced its findings regarding the investigation and states that the findings speak for themselves.  Ford denies the remaining allegations contained in Paragraph 59 of the Complaint.

60.

Ford denies the allegations in Paragraph 60 of the Complaint.

61.

Ford denies the allegations in Paragraph 61 of the Complaint.

62.

Ford denies the allegations in Paragraph 62 of the Complaint.

63.

Ford denies the allegations in Paragraph 63 of the Complaint.

64.

Ford lacks sufficient information to form an opinion as to the truth of the allegations in Paragraph 64, which therefore stand denied.  To the extent a response is deemed required, Ford denies any remaining allegations contained in Paragraph 64 of the Complaint.

65.

Ford admits that its Ford and Mercury brand New Vehicle Limited Warranty includes coverage that lasts three years or 36,000 miles, whichever comes first, and that its Ford and Mercury brand New Vehicle Limited Warranty includes powertrain coverage that lasts five years or 60,000 miles, whichever comes first.  To the extent a response is deemed required, Ford denies any remaining allegations contained in Paragraph 65 of the Complaint.

FORD MOTOR COMPANY'S ANSWER AND AFFIRMATIVE
DEFENSES (No. 3:17-cv-05201-RBL)- 13

LAW OFFICES OF
MILLS  MEYERS  SWARTLING P.S.
1000 SECOND AVENUE, 30TH FLOOR
SEATTLE, WASHINGTON  98104-1064
TELEPHONE (206) 382-1000
FACSIMILE (206) 386-7343

66.

Ford admits that its Lincoln brand New Vehicle Limited Warranty includes coverage that lasts four years or 50,000 miles, whichever comes first, and that its Lincoln brand New Vehicle Limited Warranty includes powertrain coverage that lasts six years or 70,000 miles, whichever comes first.  To the extent a response is deemed required, Ford denies any remaining allegations contained in Paragraph 66 of the Complaint.

67.

Ford denies the allegations in Paragraph 67.

68.

Ford denies the allegations in Paragraph 68.

## VI.   PLAINTIFFS' EXPERIENCE

69.

Ford lacks sufficient information to form an opinion as to the truth of the allegations in Paragraph 69, which therefore stand denied.  To the extent a response is deemed required, Ford denies the allegations contained in Paragraph 69 of the Complaint.

70.

Ford lacks sufficient information to form an opinion as to the truth of the allegations in Paragraph 70, which therefore stand denied.  To the extent a response is deemed required, Ford denies the allegations contained in Paragraph 70 of the Complaint.

71.

Ford lacks sufficient information to form an opinion as to the truth of the allegations in Paragraph 71, which therefore stand denied.  To the extent a response is deemed required, Ford denies the allegations contained in Paragraph 71 of the Complaint.

LAW OFFICES OF
MILLS  MEYERS  SWARTLING P.S.
1000 SECOND AVENUE, 30TH FLOOR
SEATTLE, WASHINGTON  98104-1064
TELEPHONE (206) 382-1000
FACSIMILE (206) 386-7343

1

72.

2   Ford lacks sufficient information to form an opinion as to the truth of the allegations in

3   Paragraph 72, which therefore stand denied.  To the extent a response is deemed required, Ford

4   denies the allegations contained in Paragraph 72 of the Complaint.

5

73.

6   Ford lacks sufficient information to form an opinion as to the truth of the allegations in

7   Paragraph 73, which therefore stand denied.  To the extent a response is deemed required, Ford

8   denies the allegations contained in Paragraph 73 of the Complaint.

9

74.

10   Ford lacks sufficient information to form an opinion as to the truth of the allegations in

11   Paragraph 74, which therefore stand denied.  To the extent a response is deemed required, Ford

12   denies the allegations contained in Paragraph 74 of the Complaint.

13

75.

14   Ford lacks sufficient information to form an opinion as to the truth of the allegations in

15   Paragraph 75, which therefore stand denied.  To the extent a response is deemed required, Ford

16   denies the allegations contained in Paragraph 75 of the Complaint.

17

76.

18   Ford lacks sufficient information to form an opinion as to the truth of the allegations in

19   Paragraph 76, which therefore stand denied.  To the extent a response is deemed required, Ford

20   denies the allegations contained in Paragraph 76 of the Complaint.

21

77.

22   Ford lacks sufficient information to form an opinion as to the truth of the allegations in

23   Paragraph 77, which therefore stand denied.  Ford denies Plaintiffs' allegation of a defect in any

24   FORD MOTOR COMPANY'S ANSWER AND AFFIRMATIVE
DEFENSES (No. 3:17-cv-05201-RBL)- 15

LAW OFFICES OF
MILLS MEYERS SWARTLING P.S.
1000 SECOND AVENUE, 30TH FLOOR
SEATTLE, WASHINGTON 98104-1064
TELEPHONE (206) 382-1000
FACSIMILE (206) 386-7343

25

26

1    of Ford's factory-installed sunroofs or Plaintiffs' vehicle.  Ford denies any remaining allegations

2    contained in Paragraph 77 of the Complaint.

3                                                    78.

4           Ford lacks sufficient information to form an opinion as to the truth of the allegations in

5    Paragraph 78 regarding what Plaintiffs would have done, which therefore stand denied.  Ford

6    denies Plaintiffs' allegation of a defect in their vehicle.  Further, the allegations regarding

7    "economic damages" and "benefit of the bargain" are legal conclusions, to which no response is

8    required.  Ford denies any remaining allegations contained in Paragraph 78 of the Complaint.

9                            **VII.   CLASS ACTION ALLEGATIONS**

10                                                   79.

11          Paragraph 79 consists of Plaintiffs' articulation of their proposed class definition, to which

12   no response is required.  To the extent a response is required, Ford denies the allegations contained

13   in Paragraph 79 of the Complaint.

14                                                   80.

15          Paragraph 80 states legal conclusions, to which no response is required.  To the extent a

16   response is required, Ford denies the allegations contained in Paragraph 80 of the Complaint.

17                                                   81.

18          Paragraph 81 states legal conclusions, to which no response is required.  To the extent a

19   response is required, Ford denies the allegations contained in Paragraph 81 of the Complaint.

20                                                   82.

21          Paragraph 82 states legal conclusions, to which no response is required.  To the extent a

22   response is required, Ford denies the allegations contained in Paragraph 82 of the Complaint.

23

24   FORD MOTOR COMPANY'S ANSWER AND AFFIRMATIVE
     DEFENSES (No. 3:17-cv-05201-RBL)- 16

25

26

LAW OFFICES OF
MILLS MEYERS SWARTLING P.S.
1000 SECOND AVENUE, 30TH FLOOR
SEATTLE, WASHINGTON 98104-1064
TELEPHONE (206) 382-1000
FACSIMILE (206) 386-7343

83.

Paragraph 83 states legal conclusions, to which no response is required.  To the extent a response is required, Ford denies the allegations contained in Paragraph 83 of the Complaint.

84.

Paragraph 84 states legal conclusions, to which no response is required.  To the extent a response is required, Ford denies the allegations contained in Paragraph 84 of the Complaint.

85.

Paragraph 85 states legal conclusions, to which no response is required.  To the extent a response is required, Ford denies the allegations contained in Paragraph 85 of the Complaint.

86.

Paragraph 86 states legal conclusions, to which no response is required.  To the extent a response is required, Ford denies the allegations contained in Paragraph 86 of the Complaint.

## VIII.   TOLLING OF THE STATUTES OF LIMITATIONS

87.

Plaintiffs' allegation regarding the accrual of her claims is a legal conclusion, to which no response is required.  Ford denies the remaining allegations contained in Paragraph 87 of the Complaint.

88.

Plaintiffs' allegations regarding tolling of the statute of limitations and duty to disclose are legal conclusions, to which no response is required.  Ford denies the remaining allegations contained in Paragraph 88 of the Complaint.

FORD MOTOR COMPANY'S ANSWER AND AFFIRMATIVE
DEFENSES (No. 3:17-cv-05201-RBL)- 17

LAW OFFICES OF
MILLS MEYERS SWARTLING P.S.
1000 SECOND AVENUE, 30TH FLOOR
SEATTLE, WASHINGTON  98104-1064
TELEPHONE (206) 382-1000
FACSIMILE (206) 386-7343

89.

Plaintiffs' allegation regarding the duty to disclose is a legal conclusion, to which no response is required.  Ford denies the remaining allegations contained in Paragraph 89 of the Complaint.

90.

Plaintiffs' allegations regarding bad faith and equitable tolling are legal conclusions, to which no response is required.  Ford denies the remaining allegations contained in Paragraph 90 of the Complaint.

## IX.    CLAIMS FOR RELIEF

### COUNT 1

### EXPRESS WARRANTY

**(On behalf of the Nationwide Class, and alternatively on behalf of the Washington Class)**

91.

Count 1 has been dismissed in its entirety (see Dkt. No. 46), and therefore, no response is required.  To the extent a response is required, Ford denies the allegations in Paragraph 91.

92.

Count 1 has been dismissed in its entirety (see Dkt. No. 46), and therefore, no response is required.  To the extent a response is required, Ford denies the allegations in Paragraph 92.

93.

Count 1 has been dismissed in its entirety (see Dkt. No. 46), and therefore, no response is required.  To the extent a response is required, Ford denies the allegations in Paragraph 93.

LAW OFFICES OF
MILLS MEYERS SWARTLING P.S.
1000 SECOND AVENUE, 30TH FLOOR
SEATTLE, WASHINGTON 98104-1064
TELEPHONE (206) 382-1000
FACSIMILE (206) 386-7343

1

94.

2       Count 1 has been dismissed in its entirety (see Dkt. No. 46), and therefore, no response is

3   required.  To the extent a response is required, Ford denies the allegations in Paragraph 94.

4

95.

5       Count 1 has been dismissed in its entirety (see Dkt. No. 46), and therefore, no response is

6   required.  To the extent a response is required, Ford denies the allegations in Paragraph 95.

7

96.

8       Count 1 has been dismissed in its entirety (see Dkt. No. 46), and therefore, no response is

9   required.  To the extent a response is required, Ford denies the allegations in Paragraph 96.

10

97.

11       Count 1 has been dismissed in its entirety (see Dkt. No. 46), and therefore, no response is

12   required.  To the extent a response is required, Ford denies the allegations in Paragraph 97.

13

98.

14       Count 1 has been dismissed in its entirety (see Dkt. No. 46), and therefore, no response is

15   required.  To the extent a response is required, Ford denies the allegations in Paragraph 98.

16

99.

17       Count 1 has been dismissed in its entirety (see Dkt. No. 46), and therefore, no response is

18   required.  To the extent a response is required, Ford denies the allegations in Paragraph 99.

19

100.

20       Count 1 has been dismissed in its entirety (see Dkt. No. 46), and therefore, no response is

21   required.  To the extent a response is required, Ford denies the allegations in Paragraph 100.

22

23

24   FORD MOTOR COMPANY'S ANSWER AND AFFIRMATIVE
     DEFENSES (No. 3:17-cv-05201-RBL)- 19

LAW OFFICES OF
MILLS  MEYERS  SWARTLING P.S.
1000 SECOND AVENUE, 30TH FLOOR
SEATTLE, WASHINGTON  98104-1064
TELEPHONE (206) 382-1000
FACSIMILE (206) 386-7343

25

26

1

101.

2

Count 1 has been dismissed in its entirety (see Dkt. No. 46), and therefore, no response is

3

required.  To the extent a response is required, Ford denies the allegations in Paragraph 101.

4

102.

5

Count 1 has been dismissed in its entirety (see Dkt. No. 46), and therefore, no response is

6

required.  To the extent a response is required, Ford denies the allegations in Paragraph 102.

7

## COUNT 2

8

## FRAUDULENT CONCEALMENT/NONDISCLOSURE

9

**(On behalf of the National Class, and alternatively on behalf of the Washington Class)**

10

103.

11

Ford re-alleges and incorporates by reference the preceding paragraphs as though fully set

12

forth herein.

13

104.

14

Ford denies the allegation in Paragraph 104 of the Complaint.

15

105.

16

Ford denies the allegation in Paragraph 105 of the Complaint.

17

106.

18

Ford denies the allegations in Paragraph 106 of the Complaint.

19

107.

20

Ford denies the allegations in Paragraph 107 of the Complaint.

21

108.

22

Ford denies the allegations in Paragraph 108 of the Complaint.

23

24

FORD MOTOR COMPANY'S ANSWER AND AFFIRMATIVE
DEFENSES (No. 3:17-cv-05201-RBL)- 20

LAW OFFICES OF
MILLS  MEYERS  SWARTLING P.S.
1000 SECOND AVENUE, 30TH FLOOR
SEATTLE, WASHINGTON 98104-1064
TELEPHONE (206) 382-1000
FACSIMILE (206) 386-7343

25

26

109.

Ford denies the allegations contained in Paragraph 109 of the Complaint.

110.

Ford denies the allegations contained in Paragraph 110 of the Complaint.

111.

Ford denies Plaintiffs' allegations of any defect, and therefore, denies the remaining allegations in Paragraph 111 of the Complaint.

112.

Ford denies the allegations in Paragraph 112 of the Complaint.

113.

Ford denies the allegations in Paragraph 113 of the Complaint.

114.

Ford denies the allegations in Paragraph 114 of the Complaint.

## COUNT 3

### VIOLATIONS OF THE WASHINGTON CONSUMER PROTECTION ACT, RCW 19.86.010, ET SEQ.

### (On behalf of the Washington Class)

115.

Ford re-alleges and incorporates by reference the preceding paragraphs as though fully set forth herein.

116.

Paragraph 116 states legal conclusions, to which no response is required.  To the extent a response is required, Ford denies any remaining allegations contained in Paragraph 116 of the

FORD MOTOR COMPANY'S ANSWER AND AFFIRMATIVE
DEFENSES (No. 3:17-cv-05201-RBL)- 21

LAW OFFICES OF
MILLS MEYERS SWARTLING P.S.
1000 SECOND AVENUE, 30TH FLOOR
SEATTLE, WASHINGTON 98104-1064
TELEPHONE (206) 382-1000
FACSIMILE (206) 386-7343

Complaint.

117.

Ford denies the allegations in Paragraph 117 of the Complaint.

118.

Ford denies the allegations in Paragraph 118 of the Complaint.

119.

Ford denies the allegations in Paragraph 119 of the Complaint.

120.

Ford denies the allegations in Paragraph 120 of the Complaint.

121.

Ford denies the allegations in Paragraph 121 of the Complaint.

122.

Ford denies the allegations in Paragraph 122 of the Complaint.

123.

Ford denies the allegations in Paragraph 123 of the Complaint.

124.

Ford denies the allegations in Paragraph 124 of the Complaint.

125.

Ford denies that Plaintiffs and the proposed Washington Class are entitled to an order enjoining Ford's practices, damages, treble damages, attorneys' fees, or any other relief under the Washington CPA.

FORD MOTOR COMPANY'S ANSWER AND AFFIRMATIVE
DEFENSES (No. 3:17-cv-05201-RBL)- 22

LAW OFFICES OF
MILLS MEYERS SWARTLING P.S.
1000 SECOND AVENUE, 30TH FLOOR
SEATTLE, WASHINGTON 98104-1064
TELEPHONE (206) 382-1000
FACSIMILE (206) 386-7343

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

# COUNT 4

## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY, RCW 62A.2-314 AND 62A.2A-212

### (On behalf of the Washington Class)

126.

Count 4 has been dismissed in its entirety (see Dkt. No. 46), and therefore, no response is required. To the extent a response is required, Ford denies the allegations in Paragraph 126.

127.

Count 4 has been dismissed in its entirety (see Dkt. No. 46), and therefore, no response is required. To the extent a response is required, Ford denies the allegations in Paragraph 127.

128.

Count 4 has been dismissed in its entirety (see Dkt. No. 46), and therefore, no response is required. To the extent a response is required, Ford denies the allegations in Paragraph 128.

129.

Count 4 has been dismissed in its entirety (see Dkt. No. 46), and therefore, no response is required. To the extent a response is required, Ford denies the allegations in Paragraph 129.

130.

Count 4 has been dismissed in its entirety (see Dkt. No. 46), and therefore, no response is required. To the extent a response is required, Ford denies the allegations in Paragraph 130.

131.

Count 4 has been dismissed in its entirety (see Dkt. No. 46), and therefore, no response is required. To the extent a response is required, Ford denies the allegations in Paragraph 131.

FORD MOTOR COMPANY'S ANSWER AND AFFIRMATIVE
DEFENSES (No. 3:17-cv-05201-RBL)- 23

LAW OFFICES OF
MILLS MEYERS SWARTLING P.S.
1000 SECOND AVENUE, 30TH FLOOR
SEATTLE, WASHINGTON 98104-1064
TELEPHONE (206) 382-1000
FACSIMILE (206) 386-7343

1

132.

2  Count 4 has been dismissed in its entirety (see Dkt. No. 46), and therefore, no response is

3  required.  To the extent a response is required, Ford denies the allegations in Paragraph 132.

4

133.

5  Count 4 has been dismissed in its entirety (see Dkt. No. 46), and therefore, no response is

6  required.  To the extent a response is required, Ford denies the allegations in Paragraph 133.

7

134.

8  Count 4 has been dismissed in its entirety (see Dkt. No. 46), and therefore, no response is

9  required.  To the extent a response is required, Ford denies the allegations in Paragraph 134.

10

135.

11  Count 4 has been dismissed in its entirety (see Dkt. No. 46), and therefore, no response is

12  required.  To the extent a response is required, Ford denies the allegations in Paragraph 135.

13

136.

14  Count 4 has been dismissed in its entirety (see Dkt. No. 46), and therefore, no response is

15  required.  To the extent a response is required, Ford denies the allegations in Paragraph 136.

16

**PRAYER FOR RELIEF**

17  Ford denies the entirety of Plaintiffs' "Prayer for Relief" and all allegations set forth in the

18  "Wherefore" clauses following each individual count.  Plaintiffs are not entitled to any relief

19  whatsoever.

20

**AFFIRMATIVE AND ADDITIONAL DEFENSES**

21  To avoid waiver, Ford reserves its right to add to or withdraw or rely on any and all further

22  defenses that become available or appear during any subsequent proceedings in this action and

23  specifically reserves its right to amend this Answer for purposes of asserting additional defenses,

24  FORD MOTOR COMPANY'S ANSWER AND AFFIRMATIVE
DEFENSES (No. 3:17-cv-05201-RBL)- 24

25

26

LAW OFFICES OF
MILLS  MEYERS  SWARTLING P.S.
1000 SECOND AVENUE, 30TH FLOOR
SEATTLE, WASHINGTON 98104-1064
TELEPHONE (206) 382-1000
FACSIMILE (206) 386-7343

and specifically anticipates making such amendments in response to any amendments to the Complaint.   Ford further reserves the right to withdraw defenses that it determines are not applicable during the course of discovery and other proceedings in this action.   Without conceding that it bears the burden of proof as to any issue, Ford asserts the following defenses:

## FIRST DEFENSE

Ford denies all allegations set forth in the Complaint that are not expressly admitted herein.

## SECOND DEFENSE

Ford denies that it is liable to Plaintiffs on the bases stated in the Complaint or for the amounts or other relief sought in the Complaint.

## THIRD DEFENSE

The claims of Plaintiffs and the putative class are barred for failure, in whole or in part, to state a claim on which relief can be granted.

## FOURTH DEFENSE

Some or all of Plaintiffs' claims and/or the claims of some or all putative class members may be barred, in whole or in part, because Plaintiffs and/or some or all putative class members have not experienced any cognizable harm.

## FIFTH DEFENSE

The claims of Plaintiffs and the putative class are barred, in whole or in part, because Ford made no false or misleading statements of material fact or omissions of material fact and/or Ford made no false or misleading statements of material fact or omissions of material fact with scienter.

## SIXTH DEFENSE

The claims of Plaintiffs and the putative class members may be subject to contractual provisions that Ford is entitled to invoke—either directly or through the doctrine of equitable

FORD MOTOR COMPANY'S ANSWER AND AFFIRMATIVE
DEFENSES (No. 3:17-cv-05201-RBL)- 25

LAW OFFICES OF
MILLS  MEYERS  SWARTLING P.S.
1000 SECOND AVENUE, 30TH FLOOR
SEATTLE, WASHINGTON 98104-1064
TELEPHONE (206) 382-1000
FACSIMILE (206) 386-7343

estoppel—that require their claims to be resolved through arbitration, and the claims of Plaintiffs and/or some of the putative class members may be barred, in whole or in part, by the doctrine of arbitration and award.

### SEVENTH DEFENSE

The claims of Plaintiffs and the putative class are barred, in whole or in part, because Plaintiffs and/or the putative class did not rely on any statements of material fact or omissions of material fact made by Ford.

### EIGHTH DEFENSE

The claims of Plaintiffs and the putative class are barred, in whole or in part, because any alleged misstatements or omissions were not material.

### NINTH DEFENSE

Ford is not responsible in law or in fact for any alleged misstatements or omissions of fact made by others or made in reliance on statements by others.

### TENTH DEFENSE

To the extent Plaintiffs and the putative class allege that they have suffered damages, those damages were caused by persons, parties, or events over whom or for which Ford had no control and/or those damages were not foreseeable.

### ELEVENTH DEFENSE

Any damages claimed by Plaintiffs or some or all class members may have been caused or contributed to by the intervening actions or conduct of third parties over whom Ford had no control and for whom Ford is neither responsible nor liable or by superseding causes for which Ford bears no responsibility.

FORD MOTOR COMPANY'S ANSWER AND AFFIRMATIVE
DEFENSES (No. 3:17-cv-05201-RBL)- 26

LAW OFFICES OF
MILLS  MEYERS  SWARTLING P.S.
1000 SECOND AVENUE, 30TH FLOOR
SEATTLE, WASHINGTON  98104-1064
TELEPHONE (206) 382-1000
FACSIMILE (206) 386-7343

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

## TWELFTH DEFENSE

The Complaint improperly seeks duplicative penalties for the alleged conduct.

## THIRTEENTH DEFENSE

The claims of Plaintiffs and the putative class may be barred, in whole or in part, by the economic-loss doctrine.

## FOURTEENTH DEFENSE

To the extent Plaintiffs and the putative class seek punitive or exemplary damages, the penalties sought are barred by the due process clauses of the Fifth and Fourteenth Amendments to the U.S. Constitution, the excessive fines clause of the Eighth Amendment to the U.S. Constitution, and the due process clauses of the relevant states' constitutions.

## FIFTEENTH DEFENSE

To the extent Plaintiffs and the putative class request attorneys' fees, such request may be improper or excessive under applicable law.

## SIXTEENTH DEFENSE

Any damage, loss, or liability must be reduced, diminished, and/or eliminated in proportion to the acts, omissions, and conduct of entities or individuals other than Ford, including but not limited to Plaintiffs and/or some or all putative class members, under the principles of equitable allocation, recoupment, set-off, contribution, proportionate responsibility, comparative fault, or other applicable law.

## SEVENTEENTH DEFENSE

The claims of Plaintiffs and the putative class fail because Ford did not have the requisite knowledge of any alleged defect.

FORD MOTOR COMPANY'S ANSWER AND AFFIRMATIVE
DEFENSES (No. 3:17-cv-05201-RBL)- 27

LAW OFFICES OF
MILLS MEYERS SWARTLING P.S.
1000 SECOND AVENUE, 30TH FLOOR
SEATTLE, WASHINGTON 98104-1064
TELEPHONE (206) 382-1000
FACSIMILE (206) 386-7343

### EIGHTEENTH DEFENSE

Ford affirmatively states that Plaintiffs' purported class allegations are insufficient as a matter of law under Rule 23 of the Federal Rules of Civil Procedure. Ford specifically reserves the right to challenge the sufficiency of Plaintiffs' purported class allegations, and the proposed class treatment of this action, at the appropriate stage of this action, including but not limited to challenges based on the adequacy of the definition of the class of persons who could properly prosecute this action as a class action; that any class is ascertainable; that Plaintiffs' claims are typical of the purported class; that common issues predominate; and that the purported class otherwise satisfies the requirements of Fed. R. Civ. P. 23.

### NINETEENTH DEFENSE

Plaintiffs' claims and/or the claims of some or all putative class members are barred, in whole or in part, by the doctrines of waiver, estoppel, or laches because, without limitation, Plaintiffs and the putative class members unreasonably delayed in bringing their claims.

### TWENTIETH DEFENSE

Plaintiffs' claims and/or the claims of some or all putative class members are barred, in whole or in part, because Ford did not owe Plaintiffs or the putative class members a legal duty.

### TWENTY-FIRST DEFENSE

The claims of Plaintiffs and/or some putative class members may be barred by the applicable statutes of limitation.

### TWENTY-SECOND DEFENSE

The claims of some putative class members may be barred, in whole or in part, by the doctrines of res judicata, collateral estoppel, or claim preclusion.

FORD MOTOR COMPANY'S ANSWER AND AFFIRMATIVE
DEFENSES (No. 3:17-cv-05201-RBL)- 28

LAW OFFICES OF
MILLS  MEYERS  SWARTLING P.S.
1000 SECOND AVENUE, 30TH FLOOR
SEATTLE, WASHINGTON  98104-1064
TELEPHONE (206) 382-1000
FACSIMILE (206) 386-7343

**TWENTY-THIRD DEFENSE**

The claims of some putative class members may be barred, in whole or in part, on the basis of a lack of standing to sue.

**TWENTY-FOURTH DEFENSE**

The claims of some or all putative class members may be barred, in whole or in part, by the doctrines of payment, compromise and/or settlement, by an express and/or implied release of those claims, or by the doctrine of accord and satisfaction.

**TWENTY-FIFTH DEFENSE**

Plaintiff and all putative class members are barred from maintaining an action for violation of the Washington CPA, RCW 19.86.010, et seq., because Ford's acts and practices were reasonable in relation to the development and preservation of business and/or were not injurious to the public interest.

**TWENTY-SIXTH DEFENSE**

Plaintiffs' claims and/or the claims of some or all putative class members may be barred, in whole or in part, by the terms, limitations, and disclaimers contained in the limited warranty including limitations on remedies to repair and replacement.

**TWENTY-SEVENTH DEFENSE**

Plaintiffs' claims and the claims of the putative class members are barred to the extent that Plaintiffs' or any putative class member's vehicle was misused, altered, or improperly maintained and such misuse, alteration, and/or improper maintenance reasonably caused or contributed to the damages, if any, alleged.

FORD MOTOR COMPANY'S ANSWER AND AFFIRMATIVE
DEFENSES (No. 3:17-cv-05201-RBL)- 29

LAW OFFICES OF
MILLS MEYERS SWARTLING P.S.
1000 SECOND AVENUE, 30TH FLOOR
SEATTLE, WASHINGTON 98104-1064
TELEPHONE (206) 382-1000
FACSIMILE (206) 386-7343

### TWENTY-EIGHTH DEFENSE

Plaintiffs' claims and/or the claims of some or all putative class members may be barred, in whole or in part, because they failed to mitigate, minimize, or avoid their alleged damages, if any, in the manner and to the extent required by law, and any recovery in this action must be reduced by such amounts.

### TWENTY-NINTH DEFENSE

Plaintiffs' claims and/or the claims of some or all putative class members are barred to the extent that there is no liability for incidental, consequential, or punitive damages under the terms of the limited warranty for the subject vehicle(s).

### THIRTIETH DEFENSE

Some or all of Plaintiffs' and the putative class's claims may be preempted by state and/or federal statutes, rules, and regulations.

### THIRTY-FIRST DEFENSE

Plaintiffs' and the putative class's claims should be stayed or dismissed under the doctrine of primary jurisdiction.

### THIRTY-SECOND DEFENSE

The alleged dangerous nature of the product was not known and could not reasonably be discovered at the time the product was placed into the stream of commerce because the subject vehicle was designed, manufactured and sold in accordance with the state-of-the-art and in compliance with and in conformance to administrative, industry, regulatory or statutory codes, standards, specifications or schemes approved by the United States or Washington, or agencies thereof, that were applicable to the subject vehicle at the time of its manufacture and sale.

LAW OFFICES OF
MILLS  MEYERS  SWARTLING P.S.
1000 SECOND AVENUE, 30TH FLOOR
SEATTLE, WASHINGTON 98104-1064
TELEPHONE (206) 382-1000
FACSIMILE (206) 386-7343

1

### THIRTY-THIRD DEFENSE

2      While there is no basis for punitive damages, any award of punitive damages not

3 established by clear and convincing evidence would violate Ford's due process rights guaranteed

4 by the Fourteenth Amendment to the United States Constitution and by the Washington

5 Constitution.

6

### THIRTY-FOURTH DEFENSE

7      Ford specifically reserves all affirmative or other defenses that it may have against the

8 proposed classes.  Although Ford has endeavored to do so to the best of its ability, it is not

9 necessary at this time for Ford to delineate such defenses against the proposed classes because no

10 class has been certified and the putative class members are not parties to this litigation.

11

### JURY DEMAND

12      Ford requests a trial by jury on all claims.

13      DATED:  March 1, 2018.

14
                                    MILLS MEYERS SWARTLING P.S.
                                    Attorneys for Defendant Ford Motor Company

15

16
                                    By: /s/Caryn Geraghty Jorgensen
                                    Caryn Geraghty Jorgensen, WSBA # 27514
17                                  John Fetters, WSBA # 40800
                                    Brett MacIntyre, WSBA # 46572
18                                  Mills Meyers Swartling
                                    1000 2nd Ave, 30th Floor
19                                  Seattle, WA  98104
                                    Phone: 206-382-1000
20                                  cjorgensen@millsmeyers.com
                                    jfetters@millsmeyers.com

21

22

23

24  FORD MOTOR COMPANY'S ANSWER AND AFFIRMATIVE
    DEFENSES (No. 3:17-cv-05201-RBL)- 31
                                                            LAW OFFICES OF
                                                            MILLS  MEYERS  SWARTLING P.S.
25                                                          1000 SECOND AVENUE, 30TH FLOOR
                                                            SEATTLE, WASHINGTON  98104-1064
                                                            TELEPHONE (206) 382-1000
                                                            FACSIMILE (206) 386-7343

26

ALSTON & BIRD LLP
Attorneys for Defendant Ford Motor Company

Cari K. Dawson, Admitted *Pro Hac Vice*
Kyle G.A. Wallace, Admitted *Pro Hac Vice*
Bradley M. Strickland, Admitted *Pro Hac Vice*
Alston & Bird LLP
1201 West Peachtree Street, Suite 4900
Atlanta, GA 30309
Phone: 404-881-7000
cari.dawson@alston.com
kyle.wallace@alston.com
brad.strickland@alston.com

SLATTERY PETERSEN PLLC
Attorneys for Defendant Ford Motor Company

Bradley W. Petersen, Admitted *Pro Hac Vice*
Slattery Petersen, PLLC
2828 N. Central Avenue, Suite 1111
Phoenix, AZ  85004
Phone: 602-507-6108
bpetersen@slatterypetersen.com

MCAFEE & TAFT
Attorneys for Defendant Ford Motor Company

Sherry A. Rozell, Admitted *Pro Hac Vice*
McAfee & Taft
Two West 2nd Street, Suite 1100
Williams Tower II
Tulsa, OK 74103
Phone: (918) 587-0000
sherry.rozell@mcafeetaft.com

FORD MOTOR COMPANY'S ANSWER AND AFFIRMATIVE
DEFENSES (No. 3:17-cv-05201-RBL)- 32

LAW OFFICES OF
MILLS  MEYERS  SWARTLING P.S.
1000 SECOND AVENUE, 30TH FLOOR
SEATTLE, WASHINGTON 98104-1064
TELEPHONE (206) 382-1000
FACSIMILE (206) 386-7343

## CERTIFICATE OF SERVICE

I certify that I electronically served the foregoing to:

Mitchell M. Breit, mbreit@simmonsfirm.com, complexdocketing@simmonsfirm.com

Gregory F. Coleman, greg@gregcolemanlaw.com, dawn@gregcolemanlaw.com

Adam A. Edwards, adam@gregcolemanlaw.com, jackie@gregcolemanlaw.com

Paul J. Hanly, Jr., phanly@simmonsfirm.com

Brittany A. Madderra, bmadderra@terrellmarshall.com, bkinsey@terrellmarshall.com, docketrequests@terrellmarshall.com,enordby@terrellmarshall.com, hrota@terrellmarshall.com, filing@terrellmarshall.com

Mark E. Silvey, mark@gregcolemanlaw.com, connie@gregcolemanlaw.com

Amanda M. Steiner, asteiner@terrellmarshall.com bkinsey@terrellmarshall.com, docketrequests@terrellmarshall.com, enordby@terrellmarshall.com, hrota@terrellmarshall.com, filing@terrellmarshall.com

Beth E. Terrell, bterrell@terrellmarshall.com, lboston@terrellmarshall.com, bkinsey@terrellmarshall.com, docketrequests@terrellmarshall.com, enordby@terrellmarshall.com, hrota@terrellmarshall.com, filing@terrellmarshall.com, bdrachler@terrellmarshall.com

Lisa A. White, lisa@gregcolemanlaw.com, dcoleman@gregcolemanlaw.com

DATED this 1st day of March 2018.

Legal Assistant

FORD MOTOR COMPANY'S ANSWER AND AFFIRMATIVE
DEFENSES (No. 3:17-cv-05201-RBL)- 33

LAW OFFICES OF
MILLS  MEYERS  SWARTLING P.S.
1000 SECOND AVENUE, 30TH FLOOR
SEATTLE, WASHINGTON  98104-1064
TELEPHONE (206) 382-1000
FACSIMILE (206) 386-7343