UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JACOB BEATY, et al.,

    Plaintiffs,

v.

FORD MOTOR COMPANY,

    Defendant.

C17-5201 TSZ

MINUTE ORDER

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1) The Court entered an order, docket no. 243, resolving all pending motions in this case (docket nos. 68, 108, 114, 122, 124, 126, & 131). The Court directed the Clerk to file this order under seal because it contains information from documents that have already been filed under seal. This minute order outlines the substance of the Court's rulings in that order, docket no. 243:

    a. Plaintiffs' motion to exclude Defendant's expert Paul Taylor, Ph.D., docket no. 108, is DENIED;

    b. Plaintiffs' motion to exclude Defendant's expert Justin McCrary, Ph.D., docket no. 114, is DENIED;

    c. Defendant's motion to exclude Plaintiffs' expert Neil Hannemann, docket no. 122, is DENIED;

    d. Defendant's motion to exclude Plaintiffs' expert Steven Gaskin, docket no. 124, is DENIED;

MINUTE ORDER - 1

    e. Defendant's motion to exclude Plaintiffs' expert Colin Weir, docket no. 126, is DENIED;

    f. Defendant's motion to exclude Plaintiffs' expert Thomas Read, Ph.D., docket no. 131, is GRANTED.  Dr. Read opines that the panoramic sunroofs of the proposed class vehicles, certain Ford and Lincoln models and model years, share a "common defect," either due to their common design features or due to Ford's use of tempered glass.  The Court concludes that Dr. Read's opinion is not the product of reliable principles and methods, and although Dr. Read has previously employed reliable principles and methods with respect to glass failure analysis, he did not do so for purposes of these particular class vehicles' sunroofs.  *See* Fed. R. Evid. 702(c), (d).  With respect to Dr. Read's opinion that the class vehicles' sunroofs share common design features, he failed to visually inspect all but one of the 45 class vehicles, failed to perform any type of testing or comparative analyses, and is not familiar with the sunroofs' features or replacement rates, the relevant federal regulations, or whether the sunroofs comply with such regulations.  With respect to Dr. Read's opinion that the sunroofs are defective due to Ford's use of tempered glass (or defective due to the sunroofs' very existence), that opinion does not account for the federal regulations permitting the use of tempered glass in automotive glass applications and is not based on accepted industry standards, peer-reviewed literature, or any other reliable foundation.

    g. Plaintiffs' motion for class certification, docket no. 68, is DENIED.  Although Rule 23(a)'s requirements are satisfied in this case, Plaintiffs have not met their burden under Rule 23(b)(3) to demonstrate that the issues common to class members predominate over the issues affecting only individual members.  In particular, the Court concludes that Plaintiffs failed to show that there is a common defect among the class vehicles' sunroofs, that Ford had common knowledge of such defects, or that their proposed conjoint model is capable of measuring damages on a classwide basis.  The Court also concludes that a class action is not superior to other available methods for fairly and efficiently adjudicating this matter.

 (2) The parties are DIRECTED to meet and confer and to send via email to ZillyOrders@wawd.uscourts.gov a proposed redacted version of the order, docket no. 243, on or before **July 23, 2021**.  The Court will not redact any information that is part of the public record, regardless of whether the parties believe that such information should have been filed under seal.  After reviewing the parties' proposed redactions, the Court will direct the Clerk to file a redacted version of this order that will be available to the public.

 (3) Having reviewed the parties' Joint Status Report, docket no. 241, the parties are DIRECTED to meet and confer and to file an additional Joint Status Report on or before **July 23, 2021**, addressing whether Plaintiff anticipates filing an appeal of the class certification decision and if so, whether (a) the Court should stay proceedings pending that appeal or (b) the Court may enter a scheduling order at this time.

(4) The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 9th day of July, 2021.

Ravi Subramanian  
Clerk

s/Gail Glass  
Deputy Clerk

MINUTE ORDER - 3