UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JACOB BEATY, et al.,

        Plaintiffs,

   v.

FORD MOTOR COMPANY,

        Defendant.

C17-5201 TSZ

MINUTE ORDER

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1) The motion for summary judgment, docket no. 257, filed by Defendant Ford Motor Company ("Ford") is GRANTED in part, DENIED in part, and DEFERRED in part.

    a. Ford argues that it is entitled to summary judgment on all claims because Plaintiffs lack evidence that Ford knew about the alleged panoramic sunroof ("PSR") defect at the time of sale. The Court concludes that there is a triable issue of material fact regarding whether Ford knew of a PSR defect in Plaintiffs' 2013 Ford Escape at the time of sale. *See* Order (docket no. 245 at 30); Mem. Dispo. (docket no. 237 at 6). The motion is DENIED as it relates to Ford's alleged knowledge of the defect.

    b. Ford also contends that it is entitled to summary judgment on Plaintiffs' Washington Consumer Protection Act ("WCPA") claim because its conduct was neither "deceptive" nor "unfair." To prevail on a WCPA action, a plaintiff must establish an "unfair or deceptive act or practice." *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wn.2d 778, 780, 719 P.2d 531 (1986). If the relevant facts about a party's act or practice are undisputed, a trial

MINUTE ORDER - 1

court may decide whether the act or practice was deceptive or unfair as a matter of law.  *See Young v. Toyota Motor Sales, U.S.A.*, 196 Wn.2d 310, 317, 472 P.3d 990 (2020) (citing *Leingang v. Pierce Cnty. Med. Bureau, Inc.*, 131 Wn.2d 133, 150, 930 P.2d 288 (1997)).  For example, in *Young*, there was no dispute that some 2014 Toyota Tacoma trucks had been incorrectly advertised as having an outside temperature display on the rearview mirror.  *Id.* at 314–15.  According to Ford, there is no dispute concerning the relevant facts as to what the parties did in this case, namely, that Ford did not affirmatively disclose the possibility that the PSR in Plaintiffs' vehicle could shatter.  Ford, however, has oversimplified the facts at issue in this action.  Plaintiffs claim that Ford failed to disclose a material defect in 2013 Ford Escape PSRs despite having knowledge of the alleged defect at the time of sale.  Ford disputes that Plaintiffs' PSR shattered spontaneously,[1] whether the PSR is defective, and its knowledge of the alleged defect at the time of sale.  Under Washington law, an act can be considered deceptive if a representation, omission, or practice is likely to mislead a reasonable consumer.  *Panag v. Farmers Ins. Co. of Wash.*, 166 Wn.2d 27, 50, 204 P.3d 885 (2009).  Where the alleged act is a failure to disclose, a plaintiff must prove that the omitted fact was material.  *See Young*, 196 Wn.2d at 318–19; *see also* Mem. Dispo. (docket no. 237 at 6) ("We also conclude that a reasonable juror could find that the risk of a spontaneously shattering PSR is material to consumers under Washington law.").[2]  The Court concludes that genuine issues of material fact preclude summary judgment on Plaintiffs' claim under the WCPA.  The motion is DENIED as it relates to Plaintiffs' WCPA claim.

   c.   Finally, Ford argues that it is entitled to partial summary judgment as to Plaintiffs' request for overpayment, replacement sunroof, and diminished value damages (categories three through five in Plaintiffs' initial disclosures).

      i.   The motion is DEFERRED as it relates to Plaintiffs' request for overpayment damages.  Plaintiffs have proposed a damages model that is purportedly capable of quantifying their overpayment damages.  It appears, however, that Plaintiffs' experts have not yet quantified the alleged overpayment damages in this case.  Plaintiffs are DIRECTED, on or before June 10, 2022, to submit an offer of proof on their request for overpayment

---

[1] Ford contends that Plaintiffs' PSR shattered as a result of an apparent rock strike.

[2] An act or practice can be "unfair" without being "deceptive."  *Rush v. Blackburn*, 190 Wn. App. 945, 963, 361 P.3d 217 (2015).  An act or practice can be considered "unfair" if:  (i) it offends public policy or falls within "the penumbra of some common-law, statutory, or other established concept of unfairness"; (ii) it is "immoral, unethical, oppressive, or unscrupulous"; and/or (iii) it causes substantial injury to consumers.  *Id.* at 962–63 (citation omitted).

MINUTE ORDER - 2

damages. Plaintiffs' offer of proof must be limited to expert reports, documents, and other materials presented to Ford during the discovery period.

      ii.      The motion is GRANTED as to Plaintiffs' request for replacement sunroof damages *beyond* any out-of-pocket expenses Plaintiffs incurred from replacing their PSR. Plaintiffs did not specifically address Ford's argument concerning this category of damages and have not presented any evidence showing that they incurred replacement sunroof damages in addition to their out-of-pocket costs.[3]

      iii.      The motion is GRANTED as to Plaintiffs' request for diminished value damages. In response to Ford's motion, Plaintiffs contend that their theory of damages is not based on diminished value as Ford attempts to define it. Plaintiffs do not contest Ford's argument that they have never tried to sell or trade in their Ford Escape, and that they have never attempted to determine the resale value of the vehicle. Plaintiffs have not presented any evidence showing that their vehicle diminished in value due to the alleged defect.

(2) The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 26th day of May, 2022.

                                              Ravi Subramanian
                                              Clerk

                                              s/Gail Glass
                                              Deputy Clerk

---

[3] The parties appear to agree that replacement sunroof damages fall under Plaintiffs' claim for out-of-pocket costs in connection with the replacement of their PSR. According to Plaintiffs, "Ford appears to concede that replacement sunroof damages are available in the amount of Plaintiffs' out-of-pocket costs." Resp. (docket no. 259 at 22).

MINUTE ORDER - 3