UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JACOB BEATY; and JESSICA BEATY,

                Plaintiffs,

v.

FORD MOTOR COMPANY,

                Defendant.

C17-5201 TSZ

MINUTE ORDER

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1) Defendant's motions in limine, docket no. 286, are GRANTED in part, DENIED in part, DEFERRED in part, and STRICKEN in part, as follows:

    1. Defendant's motion to limit expert testimony to defect theories stated during the course of discovery is GRANTED in part and DENIED in part. The Court will exclude portions of plaintiffs' expert Thomas Read's opinion as set forth in the Order, docket no. 308. The motion is otherwise DENIED, and the Court will allow plaintiffs' expert Neil Hannemann to testify consistent with his report and prior deposition testimony.

    2. Defendant's motion to exclude other incidents and customer complaints is DENIED in part and DEFERRED in part. Evidence of other incidents and customer complaints that pre-date September 25, 2012, the day plaintiffs purchased a 2013 Ford Escape, are relevant to the issue of notice in this action. Memorandum Disposition (docket no. 237 at 4) ("Pre-sale customer complaints to both Ford and the National Highway Traffic [Safety] Administration ('NHTSA') create a triable issue as to whether Ford knew that its [panoramic sunroofs] were prone to spontaneously explode under ordinary use."); Compl. at ¶ 69 (docket no. 1). The motion is DEFERRED to the pretrial conference as it relates to other incidents and customer complaints that post-date plaintiffs' purchase of the subject vehicle. The Court has considered defendant's argument

MINUTE ORDER - 1

under Federal Rule of Evidence 403 in connection with its ruling on this motion in limine.

  3. Defendant's motion to exclude NHTSA investigations of other manufacturers is DENIED. The Court has considered defendant's argument under Rule 403 in connection with its ruling on this motion in limine.

  4. Defendant's motion to exclude material forming the basis of Neil Hannemann's safety opinion is DEFERRED to the pretrial conference. Plaintiffs are DIRECTED to promptly file copies of the exhibits that form the basis of Hannemann's safety opinion.

  5. Defendant's motion to exclude references to post-purchase investigations or actions in South Korea is DEFERRED to the pretrial conference.

  6. Defendant's motion to preserve its objection to Neil Hannemann's testimony is STRICKEN. This motion in limine does not ask for or require a ruling from the Court.

(2) Plaintiffs' motions in limine, docket no. 288, are DENIED in part and DEFERRED in part, as follows:

  1. Plaintiffs' motion to preclude defendant from referencing its regulatory compliance to challenge its liability or to deny or rebut the existence of a defect in plaintiffs' vehicle is DENIED as it relates to Federal Motor Vehicle Safety Standard ("FMVSS") 205. The Court has considered plaintiffs' argument under Rule 403 in connection with its ruling on this motion in limine.

  2. Plaintiffs' motion to exclude reference to spoliated evidence—a shattered panoramic sunroof which defendant inspected and tested but later destroyed (the Howd vehicle) without disclosing such evidence to plaintiffs is DEFERRED to the pretrial conference.

(3) The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 10th day of February, 2023.

              Ravi Subramanian
              Clerk

              s/Laurie Cuaresma
              Deputy Clerk

MINUTE ORDER - 2